**.MARK MIGDAL & HAYDEN**
PAUL A. LEVIN (CA State Bar No. 229077)
LAUREN M. GIBBS (CA State Bar No. 251569)
11150 Santa Monica Blvd., Suite 1670
Los Angeles, California 90025
Telephone:   (305) 374-0440
e-mail:          paul@markmigdal.com
                    lauren@markmigdal.com

**FEDERAL DEPOSIT INSURANCE CORPORATION**
JOHN STUART TONKINSON (admitted pro hac vice)
3501 Fairfax Drive
Arlington, Virginia 22226
Telephone:   (214) 673-7549
e-mail:          jtonkinson@fdic.gov

Attorneys for Plaintiff Federal Deposit
Insurance Corporation as Receiver
for Washington Mutual Bank

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CAL COAST FINANCIAL CORP.,<br><br>                    Defendant. | Case No. 8:23-cv-01458 DMG (ADSx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth] |

## I.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential,

proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   GOOD CAUSE STATEMENT

This action is likely to involve personally identifiable information and other confidential financial information of bank customers, trade secrets, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things:

(1)   Regulatory:  Protected Material (as defined below) related in any way to the regulation or supervision of Washington Mutual Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity, the Comptroller

of the Currency, the Office of Thrift Supervision, or any other federal or state regulatory authority, and any information containing confidential material obtained from any documents and records related to the supervision or regulation of WaMu.  The release of such regulatory information may require approval from independent government agencies, and that no regulatory information, however obtained, will be disclosed to non-parties not covered by this Protective Order.

(2)  <u>Statutory</u>:  Protected Material includes information that is confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552, 12 C.F.R. Part 309, 12 C.F.R. § 21.11 or any other applicable federal or state laws, including consumer Personally Identifiable Information ("PII") and other nonpublic personal information ("Non-Party Borrower Information") as defined or protected by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, et seq., Freedom of Information Act, Privacy Act, Bank Secrecy Act, and their implementing regulations.

(3) <u>Bank and Bank Customers</u>:  Protected Material related to WaMu, its employees (i.e., personnel or employment records), its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal

income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower.  Examples of "Protected Material," without limitation, include documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying Information.

(4) <u>Receivership</u>:  Protected Material related to the receivership of WaMu, including any information on loss or estimates of such loss on WaMu's assets not publicly available.  Notwithstanding the provisions of Section VIII.B. below, no such Protected Material shall be disclosed to any person or entity known to have any current or prospective interest in such assets, regardless of whether that person or entity is a defendant or non-party that would otherwise be allowed access to information under the terms of this Protective Order.

(5) <u>Trade Secrets and Other Information</u>:  Protected Material that reveals trade secrets or research, technical, commercial, or financial information that the Party or Non-Party has maintained as confidential. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties and Non-parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their

handling at the end of the litigation, and serve the ends of justice, a protective

order for such information is justified in this matter.  It is the intent of the

Parties that information will not be designated as confidential for tactical

reasons and that nothing be so designated without a good faith belief that it has

been maintained in a confidential, non-public manner, and there is good cause

why it should not be part of the public record of this case.

## III.   DEFINITIONS

A.    Action:  This pending federal lawsuit.

B.    Challenging Party:  A Party or Non-Party that challenges the designation

of information or items under this Order.

C.    "CONFIDENTIAL" Information or Items:  Information (regardless of how

it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in

the Good Cause Statement.  All Electronically Stored Information ("ESI") and

paper documents produced pursuant to an ESI Protocol are subject to this

Protective Order.

D.    Counsel:  Outside Counsel of Record and House Counsel (as well as their

support staff).

E.    Designating Party:  A Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL."

F.    Disclosure or Discovery Material:  All items or information, regardless of

the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that

are produced or generated in disclosures or responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.    House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.      Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."  If any Party or Non-Party believes that information not described above should nevertheless be considered as Protected Material, it may seek a stipulation among the Parties to treat such information as Protected Material or it may make an appropriate application to the Court. Such application shall only be granted for good cause shown.  Information that is available to the public or generally known in the industry of the Producing Party or Non-Party may not be designated as Protected Material. Notwithstanding the foregoing paragraphs II.1 – 5, no Party is estopped or in any way prevented from later challenging the confidentiality designation of any Protected Material.

O.      Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

A.      The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.      Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

### A.   Exercise of Restraint and Care in Designating Material for Protection

1.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that

Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.**     **Manner and Timing of Designations**

1.     Protected Material provided by any Party or Non-Party pursuant to this Protective Order that is deemed and denominated by any Producing Party as "Confidential" pursuant to this Protective Order shall be deemed to be Protected Material, unless and until that designation is challenged pursuant to paragraph VII below.

2.     Protected Material may be designated as such by affixing to the material the legend "Confidential."  For example, the production media/container for native files or productions may be designated as "Confidential."  For standard images (*e.g.*, .pdf or .tiff files), the Producing Party must affix the legend "Confidential" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

3.     For testimony given in depositions, the Designating Party (or Non-Party) must identify Protected Material on the record before the close of the deposition.

4.     Protected Material shall only mean and shall be limited to the information produced in this Action marked with a Bates Stamp number or otherwise designated as "Confidential."  In the event a Party obtains a duplicate copy of Protected Material produced in discovery in this Action

from a publicly available source, the Party acquiring the Protective

Material shall not be required to comply with the terms of this Order

regarding the use of the duplicate Protective Material, and the use of such

duplicate Protective Material shall not be subject to the provisions of this

Order.

**C.     Failure to Designate Protected Material**

The failure to designate any Protected Material as described above shall not

constitute a waiver by any Producing Party of the right to assert that such

information contains or includes Protected Material.  In the event that any

Producing Party produces Protected Material without designating it as such, any

Party or Non-Party may notify the Receiving Parties that the information should

have been designated Protected Material, and the Parties will treat the

information as Protected Material under this Protective Order.

**VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.     Timing of Challenges

        Any Party or Non-Party may challenge a designation of confidentiality at

        any time that is consistent with the Court's Scheduling Order.

B.     Meet and Confer

        The Challenging Party shall initiate the dispute resolution process under

        Local Rule 37.1 et seq.

C.     The burden of persuasion in any such challenge proceeding shall be on

the Designating Party.  Frivolous challenges, and those made for an improper

purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

parties) may expose the Challenging Party to sanctions.  Unless the Designating

Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A.  Basic Principles

1.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B.  Disclosure of "CONFIDENTIAL" Information or Items

1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.  The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or

exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**C.     Disclosure of Non-Party Borrower Information**

To the extent any federal or state law or other legal authority governing the disclosure or use of non-party borrower Information ("Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any Non-Party Borrower Information Law requires a Producing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Producing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action.  To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice

is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, Producing Parties are explicitly prohibited from providing such notice in the Action; provided, however, that this Order shall not prohibit any Producing Party from contacting any person or entity for any other purpose.  Any Producing Party may seek additional orders from this Court that such Party or Non-Party believes may be necessary to comply with any Non-Party Borrower Information Law.

**IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

     1.      Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

     2.      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

     3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated

in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      Make the information requested available for inspection by the Non-Party, if requested.

C.      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII.   NO WAIVER OF PRIVILEGES

A.      Pursuant to Fed. R. Evid. 502(d), the production of Protected Material that is subject to the attorney-client privilege, work product doctrine, or other

claimed privileges, doctrines, exemptions, or restrictions that the Producing Party might cite in good faith as a basis for withholding such Protected Material from production to any other party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection. Pursuant to Fed. R. Evid. 502(e), the Parties' agreement that they shall not have to meet the requirements of Fed. R. Evid. 502(b)(1)-(3) is incorporated in this Order. With respect to the FDIC, in any of its capacities, these privileges include, but are not limited to, any privilege that Washington Mutual Bank may have had or any federal or state regulatory agency may hold. The Parties' production of Protected Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine, or any applicable privilege as to any other non-party.

B.       Furthermore, in the event that a Party or Non-Party produces attorney-client privileged or otherwise privileged information, or other information protected by law from disclosure even under a Protective Order, and if the Party or Non-Party subsequently notifies the Receiving Party that the privileged information should not have been produced, the Receiving Party shall immediately return the originals and all copies of the inadvertently produced privileged information. If a party withholds any information on the basis of privilege, it shall provide a categorical privilege log. The Parties agree that a Designating Party is not required to provide any kind of identification of the documents withheld from production as protected by the Bank Secrecy Act. Nothing in this Protective Order shall prevent FDIC from using any Protected

Material that it produces to any Party or non-party in any of FDIC's capacities for any lawful purposes.

## XIII.   MISCELLANEOUS

### A.   Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B.   Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C.   Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV.   FINAL DISPOSITION

A.      After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: 11/3/2023 _____          _____/s/ Lauren Gibbs_____
                                      Attorney(s) for Plaintiff(s)

Dated: 11/3/2023 _____          _____/s/ Mukesh Advani_____
                                      Attorney(s) for Defendant(s)

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: 11/3/2023 _____          _____/s/ Lauren Gibbs_____
                                      Attorney(s) for Plaintiff(s)


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated: 11/06/2023 _____          _____/s/ Autumn D. Spaeth_____
                                      HONORABLE AUTUMN D. SPAETH
                                      United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Central District of California on October ___.

2023 in the case of *Federal Deposit Insurance Corporation as Receiver for*

*Washington Mutual Bank v. Cal Coast Financial Corp.*, No. 8:23-cv-01458 DMG

(ADSx). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____